IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAVED AHMED, and all others similarly Situated, | ) <br> ) CIVIL ACTION 06-943 <br> ) |
| Plaintiff | ) <br> ) |
| v. | ) <br> ) The Honorable Judge Cercone/ |
| COLLECTION MANAGEMENT CO., d/b/a CREDIT MANAGEMENT CO., and FORBES FAMILY PRACTICE | ) Magistrate Judge Hay <br> ) <br> ) <br> ) Electronically Filed |
| Defendants | ) |

## AMENDED CLASS ACTION COMPLAINT

### INTRODUCTION

1.      This is a class action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692, *et. seq.*, ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

### PARTIES

3.      Plaintiff, Javed Ahmed, ("Ahmed") is a natural person residing in the Western District of Pennsylvania.

4.      Defendant, Collection Management Company, d/b/a Credit Management Company ("CMC"), is a Pennsylvania Corporation which is engaged in the business of

collecting debts as defined pursuant to 15 U.S.C. §1692a(6) with its principal place of business at 2121 Noblestown Road, Pittsburgh, Pennsylvania 15205. In the alternative, CMC is a debt collector as that term is defined by §1692j.

5. For the reasons set forth below, Defendant, Forbes Family Practice ("Forbes") is a debt collector as that term is defined by §1692a(6) with its principal place of business located at 4800 Friendship Avenue, Pittsburgh, Pennsylvania 15224.

## FACTS

6. A personal debt was allegedly incurred by the Plaintiff for medical services.

7. Plaintiff received dunning letters on the letterhead of CMC dated January 30, 2006 and February 20, 2006. (Copies attached hereto as Exhibit A and B respectively.)

8. The letters state in pertinent part:

*This will be your final chance to make payment to Forbes Regional Physicians. If payment is not received within ten days from the date of this letter, your account(s) will be transferred to a collection agency.*

9. Said language contains false threats and deceptive representations in violation of 15 U.S.C. §1692e(5), and §1692e(10), as well as falsely implying that Plaintiff's account would be transferred to another, harsher collector in violation of §1692e(6).

10. As a result of the above violations, Defendant CMC is liable to the Plaintiff for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

11. In addition or in the alternative and upon information and belief:

  a. CMC is a mere mailing service for Forbes and/or performs only ministerial functions for Forbes;

  b. CMC is paid merely for sending letters rather than on the percentage of debts collected.

  c. CMC doesn't receive any payments or forwards payments to Forbes;

  d. If the Plaintiff fails to respond to said letters, CMC has no further contact with Plaintiff or Forbes decides whether to pursue collection;

  e. CMC did not receive Plaintiff's file;

  f. CMC never discussed with Forbes the collection process or what steps should be taken with Plaintiff;

  g. CMC cannot initiate phone calls to Plaintiff;

  h. Any correspondence received by CMC is forwarded to the creditor;

  i. CMC has no authority to negotiate collection of Plaintiff's alleged debt; and/or;

  j. Forbes has substantial control over the content of the letters.

  12. Based on the above, as well as the fact that the letters stated "[I]f payment is not received…, your account (s) will be transferred to a collection agency", and the fact that the letters direct the consumer to make payment directly to the creditor, Defendant Forbes is in violation of §1692a(6), 1692e, 1692e(9), e(10), and e(14).

  13. Upon information and belief said letters were designed, compiled, and/or furnished by CMC to create the false belief that a person other than the creditor is collecting in violation of §1692j.

14. As a result of the above violations, Defendants are liable to the plaintiff for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

## CLASS ACTION ALLEGATIONS

15. This cause of action is brought on behalf of Plaintiff and the members of a class.

16. The class consists of consumers who received a letter(s) similar to the form letter(s) attached hereto as Exhibits A and B.

17. The class consists of all persons whom Defendants' records reflect resided in the Commonwealth of Pennsylvania and who were sent a collection letter (a) bearing CMC's letterhead in substantially the same form as the letters attached as Exhibits A and B; (b) on or after a date one year prior to the filing of this action; and (c) on or before a date twenty days after the filing of this action.

18. Pursuant to Fed.R.Civ.P. 23, a class action is appropriate and preferable in this case because:

(a) The collection letters that are the heart of this litigation are mass-mailed form letters.

(b) The class is so numerous that joinder of all members is impracticable.

(c) There are questions of law and fact common to the class and these questions predominate over any questions effecting only individual class members. The principle question presented by this claim is whether the Defendants violated the FDCPA.

(d) The only individual issue is the identification of the consumers who received the letters (i.e., the class members), a matter capable of ministerial determination from the records of Defendants.

(e) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories; and

(f) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

19. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisioned class actions as a principle means of enforcing the FDCPA, 15 U.S.C. §1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in interest of judicial economy.

## COUNT I

### Plaintiff vs. CMC

20. Plaintiff incorporates allegations set forth in paragraphs 1 through 19 as if fully set forth at length herein.

21. Collection letters, such as those sent by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

22. Defendants violated the FDCPA. Defendants' violations include, but are not limited to:

(a) Defendant violated 15 U.S.C. §1692e(5) by engaging in false threats;

(b) Defendant violated 15 U.S.C. §1692e(10) by using false representations and deceptive means in an attempt to collect a debt;

(c) Defendant violated 15 U.S.C. §1692e(6) by falsely implying that transfer of Plaintiff's debt would preclude Plaintiff's claim, defense, or would subject the Plaintiff to a practice prohibited by the FDCPA; and

(d) Defendant violated 15 U.S.C. §1692j by designing, compiling and/or furnishing the letters attached hereto as Exhibits A and B, which create the false belief that a person other than the creditor is collecting in violation of §1692j.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant and relief granted as follows:

(a) Statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(a) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

(b) For such other and further relief that may be just and proper.

## COUNT II

### Plaintiff vs. Forbes

23. Plaintiff incorporates allegations set forth in paragraphs 1 through 22 as if fully set forth at length herein.

24. Defendant Forbes violated 15 U.S.C. §§1692(a)(6), 1692e, 1692e(9), 1692e(10) and 1692e(14) by using a false name on the collection of a consumer debt.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant and relief granted as follows:

(a) Statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

(c) For such other and further relief that may be just and proper.

Dated: October 3, 2006                    Respectfully Submitted:


By:   /s/Jeffrey L. Suher
      Jeffrey L. Suher, Esquire
      Pa. I.D. No. 74924

      4328 Old William Penn Hwy
      Suite 2J
      Monroeville PA 15146
      412-374-9005
      412-374-0799
      jsuherlaw@adelphia.net

JURY TRIAL DEMANDED